```
              IN THE UNITED STATES DISTRICT COURT
                 FOR THE DISTRICT OF NEW JERSEY
```

| | |
|---|---|
| CHERYL WOLFE and LISA MAGAZINER,<br><br>        Plaintiffs,<br><br>   v.<br><br>NOBEL LEARNING COMMUNITIES, INC. d/b/a CHESTERBROOK ACADEMY,<br><br>        Defendant. | Civil No. 06-3921 (JBS)<br><br><br><br>**MEMORANDUM OPINION** |

**Simandle, District Judge:**

    This matter came before Court on the motion of Defendant, Nobel Learning Communities ("Defendant" or "NLC") to dismiss the Complaint for failure to state a claim on which relief may be granted, pursuant to Fed. R. Civ. P. 12(b)(6).  On December 22, 2006 the Court heard oral argument on the motion and finds as follows:

    1.  Plaintiffs Cheryl Wolfe and Lisa Magaziner ("Plaintiffs"), New Jersey residents, filed this action in the Law Division of Superior Court in Camden County on June 22, 2006, alleging that Defendant Chesterbrook Academy, by and through its parent company NLC, defrauded them out of $7,500 for each year of tuition they paid for their children's education at Chesterbrook Academy in Voorhees, New Jersey.  Plaintiffs each sought treble damages pursuant to the New Jersey Consumer Fraud Act ("NJCFA"), N.J. Stat. Ann. § 56:8-1 to -166, as well as a refund pursuant to

N.J. Stat. Ann. § 56:8-2.11, attorney's fees, costs, and punitive damages.  Plaintiffs also alleged common law fraud, misrepresentation and negligent misrepresentation. Defendant removed the case to this Court on August 18, 2006.[1]

2.  Chesterbrook Academy is not a separate legal entity, but a trade name used by NLC.  The Court has jurisdiction under 28 U.S.C. § 1332(a) and 28 U.S.C. § 1447 because Plaintiffs are New Jersey residents, NLC is a Delaware corporation with its principal place of business in Pennsylvania, and the Court cannot find to a legal certainty that the amount in controversy does not exceed $75,000.[2]

---

[1] In their notice of removal, Defendant note that they were not served with the Complaint until July 20, 2006, so that the August removal was timely under 28 U.S.C. § 1446(b).

[2]  The amount in controversy is satisfied for four reasons. First, Plaintiffs are clearly entitled to seek punitive damages on their common-law fraud claims, Gennari v. Weichert Co. Realtors, 148 N.J. 582, 610 (1997), which may amount to as much as $350,000 per plaintiff, under New Jersey law, N.J. Stat. Ann. § 2A:15-5.14(b). "If punitive damages are available under . . . state law for the causes of action asserted by the Appellants, and if the claims for punitive damages are not otherwise 'patently frivolous and without foundation,' then the pleadings satisfy the necessary amount in controversy." Golden ex rel. Golden v. Golden, 382 F.3d 348, 356 (3d Cir. 2004).
  Second, apart from the common-law claims, the Court cannot say to a legal certainty that punitive damages are not available for the NJCFA claims. See Wanetick v. Gateway Mitsubishi, 163 N.J. 484, 495 (2000) (indicating that treble damages serve punitive function); N.J. Stat. Ann. § 56:8-2.13 (indicating remedies under NJCFA should not limit other available remedies); N.J. Stat. Ann. § 56:8-19.1 (indicting class of defendants against whom punitive damages are not available).
    Third, the Court cannot say to a legal certainty that the attorney's fees, available under the NJCFA, N.J. Stat. Ann. §

3.  Defendant filed a motion to dismiss for failure to state a claim, pursuant to Fed. R. Civ. P. 12(b)(6), arguing that Plaintiffs have failed to state a claim for violation of the New Jersey Consumer Fraud Act, common law fraud, misrepresentation, or punitive damages.  Alternatively, Defendant argued that Plaintiffs have failed to plead fraud with the particularity that Fed. R. Civ. P. 9(b) requires.  Plaintiffs opposed and the Court heard oral argument on the motion on December 22, 2006.

4.  The purpose of Rule 9(b) is to "place the defendants on notice of the precise misconduct with which they are charged, and to safeguard defendants against spurious charges of immoral and fraudulent behavior."  Seville Indus. Mach. Corp. v. Southmost Mach. Corp., 742 F.2d 786, 791 (3d Cir. 1984), cert. denied, 469 U.S. 1211 (1985).  The Court should not focus exclusively on the Rule's particularity language, Christidis v. First Penn. Mortgage Trust, 717 F.2d 96, 100 (3d Cir. 1983), and must consider whether the pleading provides adequate notice to an adverse party to enable it to prepare a response, Florian Greenhouse v. Cardinal IG Corp., 11 F. Supp. 2d 521, 526 (D.N.J. 1998) (citing 5A Wright and Miller, § 1298, at 648 (1990).  "It is certainly true that

---

56:8-19, together with a refund and treble damages, would not exceed $75,000 per plaintiff.  See Suber v. Chrysler Corp., 104 F.3d 578, 584 -85 (3d Cir. 1997).  Finally, to determine whether the amount in controversy is met, it is appropriate for the Court to cumulate the remedies available under Plaintiffs' separate theories of liability.  Id. at 588; Perez v. Rent-A-Center, Inc., 186 N.J. 188, 219-20 (2006).

3

allegations of 'date, place or time' fulfill these functions, but nothing in the rule requires them.  Plaintiffs are free to use alternative means of injecting precision and some measure of substantiation into their allegations of fraud."  Seville, 742 F.2d at 791.

   5.  Moreover, even when the claims are not subject to Rule 9(b)'s heightened pleading requirements, the claimant must set forth sufficient information to outline the elements of its claims or to permit inferences to be drawn that these elements exist.  See Fed. R. Civ. P. 8(a)(2); Conley v. Gibson, 355 U.S. 41, 45-46 (1957).

   6.  The Court agrees with Defendant that the Complaint is not as clear as it could be.  For example, the Complaint does not specify what "ascertainable loss" Plaintiffs suffered.  See N.J. Stat. Ann. § 56:8-19.  Furthermore, it is unclear whether Plaintiffs are alleging fraudulent inducement or fraudulent performance; that is, whether they are complaining that any fraud occurred before Ms. Paolozzi was hired as Chesterbrook's principal.  Similarly, Plaintiffs must more clearly refer to the allegedly fraudulent statements on which they relied to their detriment so that Defendant is on notice of the precise conduct at issue.

   7.  However, because these deficiencies could be cured by permitting Plaintiffs to amend their Complaint, the Court will

4

deny the motion to dismiss without prejudice and will permit Plaintiff fourteen days from the entry of this Order to amend the Complaint to more particularly set forth their claims, as described above.  An accompanying Order will be entered.


**Dec. 26, 2006**              **s/ Jerome B. Simandle**
Date                           JEROME B. SIMANDLE
                               U.S. District Judge